IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| JOSE SOTO, JR., | |
| Plaintiff, | |
| v. | |
| LT. STANEIC, CO II BILLY, SGT. BEAHM, MELISSA BLOCK, ANTHONY ASHWORTH, CO II MILLER, CO II STEEL, SGT. DORN, NURSE KACYEN, CO II NAPOLEAN, CO II RIDELL, CO II RUSSELL, CO GORSKE, CAPTAIN TRITT, CO II IKE, JANE DOES 1–4, and JOHN DOES 1–4, | OPINION and ORDER<br><br>24-cv-380-jdp |
| Defendants. | |

---

Plaintiff Jose Soto, Jr., proceeding without counsel, alleges that defendants, all staff at Waupun Correctional Institution (WCI), subjected him to inhumane conditions of confinement, and that some defendants did so for retaliatory reasons. I allowed Soto to proceed on an Eighth Amendment conditions-of-confinement claim and a First Amendment retaliation claim. Dkt. 12.

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that the complaint is untimely. Dkt. 18. Soto did not timely respond to the motion. Soto's claims are clearly untimely, so I will dismiss the complaint with prejudice. I will also assess a strike under 28 U.S.C. § 1915(g).

BACKGROUND

Soto alleges that on August 20, 2018, he was placed on temporary lockup status in the restrictive housing unit (RHU) at WCI. Dkt. 12 at 2. To support his conditions-of-confinement claim, Soto alleges that from that date until September 10, 2018, he was exposed to a foul

mattress and filthy cell, and that he developed serious physical and mental health problems as a result. *Id.* at 2, 4. Soto alleges that he notified defendants about his cell's lack of sanitation in that period, but that they made no effort to help him. *See id.* at 4; Dkt. 1 at 3–7. To support his retaliation claim, Soto alleges that defendants told him during the same period that they were keeping him in an unsanitary cell to retaliate against him for previous lawsuits and grievances. Dkt. 12 at 6; Dkt. 1 at 6–7. Soto had left the RHU by October 22, 2018. *See* Dkt. 1-1 at 2.

The Wisconsin Department of Justice accepted service on behalf of all defendants except Gorske, Napolean, Ridell, and the Doe defendants, all of whom it could not identify. Dkt. 16. Soto has filed a proposed amended complaint identifying the Doe defendants. Dkt. 36. I will deny this motion as moot because I am dismissing the complaint as untimely.

ANALYSIS

**A. Soto's untimely response**

I begin with the preliminary issue of Soto's failure to timely respond to the motion to dismiss.

Soto's response was due by April 2, 2025. *See* Dkt. 30 at 1 n.1. Soto moved to extend the deadline after it expired. *See* Dkt. 31. Soto had failed to show good cause for that relief, but the court allowed him to renew his motion to try to meet that standard by April 25, 2025. Dkt. 32.

In his renewed motion, Soto says that he mailed his response to the court on April 2 and April 12, 2025, and that he's had issues sending and receiving mail at Waupun

Correctional Institution (WCI), where he's currently housed. Dkt. 34 and Dkt. 35. The court is not persuaded that Soto is entitled to relief from the filing deadline for several reasons.

First, although WCI has the capacity to e-file submissions of inmates, Soto elects to use the mail, which delays the court's receipt of Soto's filings. So the mailing problems Soto alleges are in part his own making.

Second, the court has regularly received Soto's mailed filings while he's been housed at WCI. *See* Dkt. 31; Dkt. 34; Dkt. 35; Dkt. 36.

Third, Soto contradicted himself in two of his submissions. In a letter filed on April 15, 2025, Soto said that he mailed his response and a motion to compel on April 2. Dkt. 31. But in his proposed amended complaint, Dkt. 36, Soto says that he mailed his response and an earlier proposed amended complaint on that date. The court does not find Soto's statements about the timing of his filings to be credible.

Soto hasn't shown good cause to for his failure to respond to the motion to dismiss. I will deny his request for an extension of time to complete that task and decide the motion on the basis of defendants' filings.

B. **Statute of limitations**

A plaintiff need not anticipate or rebut a statute of limitations defense in his complaint, but dismissal under Rule 12(b)(6) is appropriate if the plaintiff's allegations show that the statute of limitations clearly bars recovery. *See Sabo v. Erickson*, 128 F.4th 836, 842 (7th Cir. 2025) (en banc); *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022). The court can dismiss on its own motion a complaint that is clearly time-barred, even if the plaintiff has paid the filing fee. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). So my analysis

and ruling will equally to the defendants not represented by the Department of Justice who have not moved to dismiss.

To determine the proper statute of limitations for actions under 42 U.S.C. § 1983, "a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). "The applicable Wisconsin statute of limitations is Wis. Stat. § 893.53." *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 477 (7th Cir. 2024). "Before April 5, 2018, this [statute] provided for a six-year statute of limitations, but since then the limit has been three years." *Id.* If a cause of action accrues on or after April 5, 2018, the three-year limitations period applies. *See Turner v. Bonfiglio*, No. 23-cv-275-jdp, 2024 WL 3756399, at *1 (W.D. Wis. Aug. 12, 2024); *Wand v. Dep't of Corr.*, No. 24-cv-537-wmc, 2025 WL 26720, at *3 (W.D. Wis. Jan. 3, 2025).

Although Wisconsin's limitations period applies, federal law governs when Soto's claims accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Under federal law, Soto's claims accrued when he knew, or should have known, that defendants violated his constitutional rights. *See Milchtein*, 42 F.4th at 822.

Soto alleges that the events underlying the complaint started on August 20, 2018, so his claims must have accrued on or after that date. The three-year limitations period applies. Soto did not bring the complaint within three years of his claims' accrual. Soto's allegations show that he knew by October 22, 2018, that defendants had exposed him to unlawful conditions of confinement. Soto alleges that he repeatedly complained to defendants about those conditions while he was in the RHU, and he had left that unit by that date. *See Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 669 (7th Cir. 2018) ("[O]nce the wrong ends, the claim accrues even if that wrong has caused a lingering injury."); *Turley v. Rednour*, 729 F.3d 645, 651

4

(7th Cir. 2013) ("The statute of limitations began running from the last date of lockdown, or last day confined to the tiny cell . . . ."). Soto had to bring his conditions-of-confinement claim no later than October 22, 2021, but he didn't file the complaint until June 3, 2024. Dkt. 1 at 9. Soto's retaliation claim is even more untimely: he alleges that defendants told him by September 10, 2018, that they were retaliating against him. *See Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016) ("Generally, the statute of limitations clock begins to run on First Amendment retaliation claims immediately after the retaliatory act occurred.").

Equitable tolling or equitable estoppel may, in an appropriate case, excuse a plaintiff's failure to meet a filing deadline. *See Robinson v. Sommers*, No. 23-cv-640-jdp, 2023 WL 7629601, at *1–2 (W.D. Wis. Nov. 14, 2023). It's hard to imagine how either equitable principle could justify more than two and one-half years of delay. But even if Soto could make either showing, the time to raise the equitable defenses would have been in his response to the motion to dismiss, which he failed to file without justification.

CONCLUSION

I will deny Soto's motion to extend the time to respond to the motion to dismiss.

I will grant defendants' motion and dismiss the complaint with prejudice as untimely. This dismissal is one for failure to state a claim, so I will assess a strike under 28 U.S.C. § 1915(g). *Cannon v. Newport*, 850 F.3d 303, 307–08 (7th Cir. 2017) (complaint dismissed in part as untimely counted as strike under § 1915(g)); *Richards v. Kleinhubert*, 263 F. App'x 493, 494–95 (7th Cir. 2008) (complaint dismissed as untimely counted as strike under § 1915(g)).

I will deny his request to file a proposed amended complaint as moot.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 18, is GRANTED, with the result that plaintiff Jose Soto, Jr.'s claims are DISMISSED with prejudice as untimely.

2. Plaintiff's motion for extension of time, Dkt. 34, is DENIED.

3. Plaintiff's proposed amended complaint, Dkt. 36, is DENIED as moot.

4. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

5. The clerk of court is directed to enter judgment and close the case.

Entered May 8, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge